**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Joel GUERRA–TAPIA, Defendant–Appellant.**

**No. 12–10632.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 19, 2013.*

Filed Nov. 26, 2013.

Matthew Cassell, USTU–Office of the U.S. Attorney, Tucson, AZ, for Defendant–Appellant.

David A. Aguilar, Law Office of David A. Aguilar, Tucson, AZ, for Defendant–Appellant.

Before: CANBY, TROTT, and THOMAS, Circuit Judges.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM ***

Joel Guerra–Tapia appeals from the district court's judgment and challenges the three-year term of supervised release imposed following his guilty-plea conviction for reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Guerra–Tapia contends that the district court procedurally erred by failing to make findings and explain why a term of supervised release was warranted in light of U.S.S.G. § 5D1.1(c) (2011), which directs that a district court ordinarily should not impose supervised release if the defendant is a deportable alien. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. Guerra–Tapia has not shown a reasonable probability that he would have received a different sentence had the district court given explicit consideration to section 5D1.1(c). *See United States v. Dallman,* 533 F.3d 755, 762 (9th Cir.2008).

Guerra–Tapia also contends that the three-year term of supervised release is substantively unreasonable. The district court did not abuse its discretion in imposing Guerra–Tapia's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence is substantively reasonable in light of the totality of the circumstances, including Guerra–Tapia's multiple prior deportations and criminal history. *See id.; see also* U.S.S.G. § 5D1.1 cmt. n.5 (supervised release for a deportable alien is appropriate if it would provide an added measure of deterrence and protection).

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

